to his alleged violation of certain provisions prohibiting pets and regulating the use of parking spaces. On September 2, 1982, this dispossessory proceeding was instituted.

When the case was tried in November of 1982, the appellant offered to prove that the appellee had accepted a rent payment from him for the month of September. He contends on appeal that this evidence established the creation of a new tenancy at will, thus requiring the appellee to provide him with a new notice of termination and a new demand for possession pursuant to OCGA § 44-7-7 (Code Ann. § 61-105), as conditions precedent to seeking a writ of possession. The record does not disclose when the September rent payment was accepted. *Held:*

Where a landlord seeks to regain possession of his premises on the ground that the tenant is holding over beyond the term, his acceptance of rent which has accrued subsequent to the time the dispossessory proceedings are initiated and up to the time of trial is not inconsistent with his demand for possession of the property and does not require a finding that a new tenancy has been created. See *Allen v. Allen,* 154 Ga. 581, 589 (4) (115 SE 17) (1922); *Hyde v. Fornara,* 74 Ga. App. 438 (3) (40 SE2d 151) (1946). Since there is no suggestion in the record that the appellee accepted the September rent payment before instituting the dispossessory proceedings, it follows that there is no evidence to support a finding that the original notice of termination and demand for possession were waived. The judgment of the trial court is consequently affirmed. See generally *Wetherington v. Koepenick & Horne, Inc.,* 153 Ga. App. 302, 304 (265 SE2d 107) (1980); *Moore v. Trust Co. Bank,* 142 Ga. App. 877 (1) (237 SE2d 471) (1977).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 20, 1983.

*John Matteson,* for appellant.
*Joseph R. Baker,* for appellee.

66187. IN RE M. R.

DEEN, Presiding Judge.

This appeal is from an order of the Juvenile Court of Dougherty County granting temporary custody of appellant's daughter to the Department of Family & Children Services. No application for

appellate review has been filed with this court as required by OCGA § 5-6-35 (Code Ann. § 6-701.1). We must therefore dismiss the appeal. *Moon v. Habersham County Dept. of Family & Children Services,* 162 Ga. App. 694 (293 SE2d 402) (1982); *Farmer v. Union County Dept. of Family & Children Services,* 162 Ga. App. 66 (290 SE2d 163) (1982); *Morgan v. Morgan,* 154 Ga. App. 595 (270 SE2d 94) (1980).

*Appeal dismissed. Banke and Carley, JJ., concur.*

DECIDED APRIL 20, 1983.

*Henry E. Williams,* for appellant.

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol Atha Cosgrove, Senior Assistant Attorney General, David C. Will, Assistant Attorney General, Walter W. Kelley, Special Assistant Attorney General,* for appellee.

## 66232. DOSS v. THE STATE.

DEEN, Presiding Judge.

Appellant received a ten-year prison sentence after a Cobb County jury found him guilty of aggravated assault. Following denial of his motion for a new trial he brings this appeal, enumerating as error the general grounds, the court's overruling of defense counsel's objection to the state's allegedly placing his character in issue, three instances in which the court gave allegedly erroneous or prejudicial jury instructions, and one instance in which the court refused to give an allegedly proper instruction.

Appellant had been invited to accompany two old friends for an evening of visiting local taverns. Also in the group was a fourth person whom appellant had never met and to whom he was not formally introduced that evening. This fourth person was the victim, whose recent bride had at one time known appellant; the precise nature and extent of their relationship was never clarified in the record. Towards the end of the evening the victim learned appellant's name from another member of the group and told the latter that he "wanted to talk to" appellant about his having furnished his wife with drugs at some time in the past. Despite being urged not to bring up the subject when appellant had been drinking, the victim did so. The result was that appellant, after insisting that the victim had confused him with his cousin, stabbed the victim in the stomach with a pocketknife.